IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CAREY LECELL ROSS,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:23-cv-00251-MTT-CHW |
| Warden BEASLEY, | : | |
| | : | |
| Respondent. | : | |

## ORDER AND RECOMMENDATION

*Pro se* Petitioner Carey Lecell Ross, has filed this 28 U.S.C. § 2254 petition, challenging his 2017 conviction in the Jasper County Superior Court. ECF No. 1. Petitioner also seeks leave to proceed in this action without prepayment of the filing fee. ECF No. 2. Based on his submissions, the Court finds that Petitioner is presently unable to pay the filing fee. Therefore, leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. Petitioner's complaint is now ripe for preliminary review. Upon such review, it is **RECOMMENDED** that Petitioner's 28 U.S.C. § 2254 petition be **DISMISSED WITHOUT PREJUDICE** for the reasons set forth below. It is also **RECOMMENDED** that a certificate of appealability ("COA") and any motion to proceed *in forma pauperis* on appeal be **DENIED**.

### PRELIMINARY REVIEW OF THE PETITION

Rule 4 of the Rules Governing § 2254 Cases requires district courts to dismiss habeas corpus petitions without ordering the State to respond "[i]f it plainly appears from

the petition and any attached exhibits that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corrs.*, 947 F.3d 649, 653 (11th Cir. 2020) (quoting Rule 4). This preliminary review calls on a district court to screen the petition prior to service and dismiss the petition, *sua sponte*, upon a determination that it contains no meritorious claim for relief. *See* Rules Governing § 2254 Cases, Rule 4 advisory committee notes (providing that "it is the duty of the court to screen out frivolous applications"). This procedure serves to "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*

To survive a Rule 4 review, a habeas petition must set forth facts that, if true, would establish a constitutional violation entitling the petitioner to relief. *Paez*, 947 F.3d at 653 (citing *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (holding that a § 2254 petition must comply with the "fact pleading requirements of [Habeas] Rule 2(c) and (d)" to survive dismissal under Rule 4)). A dismissal may be appropriate either on the merits or on a finding that the petition is procedurally barred or for both reasons. *Paez*, 947 F.3d at 649; *Rohda v. Gordy*, No. CA 14-0169-WS-C, 2014 WL 2616627, at *1 (S.D. Ala. June 12, 2014) (holding that "federal courts are authorized to raise the exhaustion issue *sua sponte*") (citing *McNair v. Campbell*, 416 F.3d 1291, 1304 (11th Cir. 2005)).

Before a petitioner may seek federal habeas relief, he must exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (per curiam) ("Before bringing a habeas action in federal court, however, the petitioner must exhaust all state court remedies that are available for

challenging his conviction, either on direct appeal or in a state post-conviction motion."); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"). If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion. *See Isaac*, 470 F. App'x at 818 (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c).

Petitioner claims he is challenging a 2017 conviction in the Superior Court of Jasper County. ECF No. 1 at 1. He states this conviction was affirmed on appeal in October 2018. *Id*. at 2. He then filed a 2019 state habeas petition in the Superior Court of Washington County. *Id*. at 3. Petitioner states he had a hearing on January 31, 2023, with Judge Tommy J. Smith. *Id*. at 5. The Superior Court of Washington County has not issued a ruling. *Id*. at 12-13. Petitioner further filed a mandamus in the Georgia Supreme Court seeking to have that Court order the Superior Court of Washington County to enter judgment in his pending state habeas. *Id*. at 4; ECF No. 1-2. The mandamus was dismissed. *Id*. Petitioner has also filed a complaint with the Judicial Qualifications Commission against the Judge in the Superior Court of Washington County. ECF No. 1-3. The Judicial Qualifications Commission dismissed the complaint. ECF No. 1 at 4. Finally, he also filed a complaint with the Board of Court Reporting complaining that the

court reporter will not provide him with a transcript of the January 31, 2023 hearing. ECF No. 1 at 4 and 9. Most importantly, however, Petitioner's state habeas petition is still pending in the Washington County Superior Court. *Id*. at 3 and 12-13. Thus, it "plainly appears" on the face of the petition that Petitioner has not exhausted state remedies. R 4, Rules Governing § 2254 Cases. Therefore, this federal habeas petition must be dismissed due to Petitioner's failure to exhaust his state remedies prior to seeking federal habeas relief.

Additionally, Petitioner's grounds for relief seek to have this Court compel various actions from state officials such as "please make sure they follow the rules". *See* ECF No. 1 at 4-5 and 7. The United States District Courts do not have jurisdiction to compel state officials in the performance of their duties. *See e.g., Newman v. Alabama,* 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978) (district courts do not have the "authority to address state officials out of office…"); *Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Lawrence v. Miami-Dade Cnty. State Att'y*., 272 F. App'x 781, 781 (11th Cir. 2008) (per curiam). Thus, this Court has no authority to (1) compel that Petitioner be provided with a copy of the January 31, 2023 transcript of his evidentiary hearing in the Superior Court of Washington County, (2) order that the Superior Court of Washington County Judge "follow the rule O.C.G.A.," (3) compel the "Special Assistant Attorney General" contact Petitioner, or (4) compel the superior court judge to enter judgment in his state habeas action. *See id.*; ECF No. 1 at 4-5 and 7.

For the reasons set forth above, it is **RECOMMENDED** that this federal habeas petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies prior to seeking federal relief and for requesting relief unavailable from the district courts.

## COA AND IFP ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S.

5

473, 484 (2000). Petitioner has not made these showings. Therefore, it is **RECOMMENDED** that Petitioner be **DENIED** a COA. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Accordingly, it is **RECOMMENDED** that any motion to proceed IFP on appeal is **DENIED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Chief Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The Petitioner may seek an extension of time to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. See M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. See 11th Cir. R. 3-1.

Furthermore, because this Report and Recommendation provides Petitioner an opportunity to file objections, it thus affords him notice and a reasonable opportunity to respond. See Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 655 (11th Cir. 2020) (A petitioner is "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed

as untimely."), citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue").

**SO ORDERED and RECOMMENDED**, this 23rd day of August, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge